UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NACO, LLC, et al., | No.  2:26-cv-00549-DC-CKD (PS) |
| Plaintiffs, | |
| v. | ORDER *SUA SPONTE* REMANDING CASE TO SACRAMENTO COUNTY SUPERIOR COURT |
| DARNELL CARD, | |
| Defendant. | (Doc. Nos. 1, 2) |

This matter is before the court on Defendant Darnell Card's notice of removal and motions for temporary restraining order and preliminary injunction, and to proceed *in forma pauperis*. (Doc. Nos. 1, 2.) For the reasons explained below, the court will *sua sponte* remand this case to the Sacramento County Superior Court due to a lack of subject matter jurisdiction and deny Defendant's motions as having been rendered moot by this order.

## BACKGROUND

On May 14, 2025, Plaintiffs Naco, LLC and CA Eviva Owner, LLC filed an unlawful detainer action against Defendant in Sacramento County Superior Court for possession of real property known as 1531 N Street, #519, Sacramento, California, 95814. (Doc. No. 1 at 12–14.) On February 23, 2026, Defendant proceeding *pro se*, removed the unlawful detainer action to this federal court and filed motions for temporary restraining order and preliminary injunction, and to proceed *in forma pauperis*. (Doc. Nos. 1, 2.)

1

**LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A defendant may remove any action from state court to federal court when the federal court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). Removal to federal court is proper when a case filed in state court poses a federal question or where there is diversity of citizenship among the parties, and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a).

The party removing the action has the burden of establishing grounds for federal jurisdiction by a preponderance of the evidence. *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (citing *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are strictly construed against federal jurisdiction. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). A federal court must remand the case to state court if there is any doubt as to the right of removal. *Id.*; *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

Federal question jurisdiction is set forth in 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 386 (1987). Under the well-pleaded complaint rule, federal courts look to "what necessarily appears in the plaintiff's statement of his [or her] own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." *Cal. v. U.S.*, 215 F.3d 1005, 1014 (9th Cir. 2000) (citations omitted). Accordingly, "a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar, Inc.*, 482 U.S. at 393; *see also Vaden v. Discover*

2

*Bank*, 556 U.S. 49, 70 (2009) ("It does not suffice to show that a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim would arise under federal law.").

## ANALYSIS

In his notice of removal, Defendant asserts this court has federal question jurisdiction based on Plaintiffs' violation of his "federal statutory rights." (Doc. No. 1 at 1.) However, removal to federal court cannot be based on a defense, counterclaim, crossclaim, or third-party claim raising a federal question. *Caterpillar Inc.*, 482 U.S. at 392; *Vaden*, 556 U.S. at 49. Therefore, Defendant's assertion that Plaintiffs are violating his federal statutory rights cannot be considered in evaluating whether a federal question appears on the face of Plaintiffs' complaint. Plaintiffs' instant complaint contains only a single claim for unlawful detainer under state law. (Doc. No. 1 at 12–14.) The complaint therefore relies solely on California state law and does not state any claims under federal law that could establish federal question jurisdiction.

Thus, because the court lacks subject matter jurisdiction, remand of this case to the Sacramento County Superior Court is appropriate and mandatory. *See* 28 U.S.C. § 1447(c).

## CONCLUSION

For the reasons explained above:

1.      This matter is remanded to Sacramento County Superior Court, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction;

2.      Defendant's motion for temporary restraining order and preliminary injunction (Doc. No. 1) is DENIED as having been rendered moot by this order;

3.      Defendant's motion to proceed *in forma pauperis* (Doc. No. 2) is DENIED as having been rendered moot by this order; and

/////

/////

/////

/////

/////

3

4.      The Clerk of the Court is directed to close this case.


        IT IS SO ORDERED.

Dated:    **February 24, 2026**

_____
Dena Coggins
United States District Judge

4